IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                      CRIMINAL ACTION NO. 5:10-cr-00083-01

CHARLES STEPHEN CADLE,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

On November 2, 2014, the United States Sentencing Guidelines were amended to reduce the guidelines in Section 2D1.1 by two levels for most drug offenses. (U.S.S.G. Amendment 782, Appx. C). Section 1B1.10 gives retroactive effect to these reductions and sets an effective date of November 1, 2015, for retroactively reduced sentences. On May 14, 2015, the Court entered an *Order* (Document 194) appointing the Federal Public Defender to represent the Defendant and directing the parties to respond with their positions respecting application of Amendment 782 to the Defendant's case.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and the addendum to the PSR from the Probation Officer. In addition, the Court has reviewed the responses from the United States (Document 195) and the Defendant (Document 196), submitted

pursuant to the Court's *Order* (Document 194). The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

The Defendant pled guilty to aiding and abetting the distribution of a quantity of oxycodone, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, on June 29, 2011. The PSR attributed between 36.4 and 50 grams of oxycodone to the Defendant, which converts to 243.88 to 335 kilograms of marijuana equivalency. That corresponded to a base offense level of twenty-six (26). He received a two-level increase for his managerial role in the offense, and a three-level reduction or acceptance of responsibility, resulting in a total offense level of twenty-five (25). The Defendant had no criminal history points at the time of his conviction, resulting in a criminal history category of I. His original guideline range was 57 to 71 months. On November 30, 2011, the Court imposed a sentence of fifty-seven (57) months.

Under the amended United States Sentencing Guidelines, the Defendant's total offense level is twenty-three (23). The revised guideline imprisonment range is 46 to 57 months. He is, therefore, eligible for a sentencing reduction.

During his term of incarceration, the Defendant has paid his special assessment in full through his participation in the inmate financial responsibility program and has complied with the DNA collection requirement. He has completed the 100-hour drug education program offered by the Bureau of Prisons. He has obtained his GED while incarcerated. He has received no disciplinary action or sanctions.

The United States does not object to a sentencing reduction for the Defendant. The Defendant argues that he was originally sentenced to the bottom of his guideline range, and should receive a sentence reduction to at or near the bottom of his amended guideline range. Such a reduction would result in his release from custody on November 1, 2015.

Having considered the Defendant's original and amended guideline ranges, the original sentencing materials, the addendum to the PSR, and the parties' responses, the Court **ORDERS** that the Defendant's base offense level be reduced by two levels, to twenty-four (24). After consideration of the two-level role enhancement and the three-level decrease for acceptance of responsibility, the Defendant's new total offense level is **twenty-three (23)**. Given his criminal history category of **I**, that establishes a revised guideline imprisonment range of **46 to 57 months.** The Court further **ORDERS** that the Defendant's sentence be **REDUCED** to **51 months**. Finally, in accordance with U.S.S.G. § 1B1.10(e)(1), the Court **ORDERS** that the Defendant's release date be no earlier than November 1, 2015.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:   August 13, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA